IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE LUIS SAUCEDA | § | |
|     TDCJ-CID #1245372 | § | |
| V. | § | C.A. NO. C-08-224 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**ORDER ADOPTING RECOMMENDATION**
**AND DISMISSING CASE**

By Memorandum and Recommendation entered November 10, 2008, the magistrate judge recommended that the Court grant respondent's motion for summary judgment and dismiss petitioner Jose Luis Sauceda's § 2254 petition for habeas corpus relief as time barred, and in addition, for failure to state a constitutional claim. (D.E. 12). Sauceda has filed objections to the recommendation (D.E. 13), arguing that he just recently learned that the victim has recanted her testimony, such that to dismiss his petition as time barred would result in a fundamental miscarriage of justice.

Having considered the recommendation and Sauceda's objections, and having conducted a *de novo* review of the contested issues, the Court adopts the recommendation and dismisses this action with prejudice.

**I.**     **Background and petitioner's objections to the recommendation.**

On June 17, 2004, Sauceda was convicted of two counts of indecency with a child and one count of aggravated assault of a child. He was sentenced to twenty years imprisonment on each indecency count, and to twenty-five years on the assault count, with the sentences to run concurrently.

On July 9, 2008, Sauceda filed this petition for § 2254 habeas corpus relief arguing that his conviction is invalid because: (1) no true-billed indictment exists on two counts of the superceding

indictment; (2) it was error to allege multiple counts in a single indictment; and (3) his conviction violates Double Jeopardy because he was convicted of three offenses arising out of the same occurrence. (D.E. 1).

On October 2, 2008, respondent moved for summary judgment to dismiss Sauceda's case as time barred, and in the alternative, on the merits. (D.E. 11).

Sauceda did not file a response to the summary judgment motion, and on November 10, 2008, the magistrate judge recommended that respondent's motion be granted. (D.E. 12). The magistrate judge found that Sauceda's petition was filed after limitations had run, and further found that there were no grounds to justify equitable tolling. In addition, the magistrate judge concluded that Sauceda's claims challenging the manner in which he was indicted and his double jeopardy claim were without merit.

On November 19, 2008, Sauceda filed objections to the recommendation. (D.E. 13). Sauceda does not dispute that his petition is time barred, rather, he argues that dismissal based on limitations would result in a "fundamental miscarriage of justice" because the victim has now recanted her testimony. He claims that the victim has told several people that she lied on the witness stand and that she wishes to tell the truth now. He argues that the federal court should hear his petition because the state court would fail to consider this new evidence.

**II.     Discussion.**

Sauceda now argues that he is innocent such that applying limitations to his claim will result in a miscarriage of justice.

The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners' actual innocence of the crimes of which they have been convicted. Cousin v. Leasing,

2

310 F.3d 843, 849 (5th Cir. 2002).  Indeed, the Fifth Circuit has held that claims of actual innocence in and of themselves do not justify equitable tolling.  Id.  See also Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (a mere claim of actual innocence is insufficient to toll the one-year limitations period); Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (application of statute of limitations in the context of actual innocence claim does not render habeas corpus remedy inadequate or ineffective).  Instead, tolling applies in cases where the petitioner has been actively misled by the defendant or is prevented in some extraordinary way from asserting his rights.  Felder, 204 F.3d at 171.

As discussed in the magistrate judge's recommendation, Sauceda was neither actively misled nor prevented by defendant from raising his claims, such that equitable tolling does not apply to extend limitations.  In his objections to the recommendation, Sauceda fails to refute this finding.

Moreover, although Sauceda claims that the victim desires to recant her testimony, he offers no proof, such as the victim's affidavit, to support his claim of innocence.  Thus, his claim of actual innocence cannot serve to toll limitations.  Felder, 204 F.3d at 171.  See also Strass v. Johnson, 228 F.3d 409, *1 (5th Cir. Jul. 25 2000) (unpublished) (a claim of actual innocence does not warrant equitable tolling where the defendant has not made the requisite showing of actual innocence).

The magistrate judge recommended that Sauceda be denied a certificate of appealability. (D.E. 12 at 17-18).  Sauceda's objections do not raise any new issues warranting a certificate of appealability regarding the denial of his habeas corpus petition as time barred and for failure to state a claim.  See 28 U.S.C. 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (a certificate of appealability "may issue...only if the applicant has made a substantial showing of the denial of

a constitutional right"). Sauceda has made no showing that reasonable jurists might disagree about the correctness of this Court's ruling.

## III.    Conclusion.

For the reasons stated herein, the Court adopts the recommendation of the magistrate judge, (D.E. 12), and grants respondent's motion for summary judgment (D.E. 11). Sauceda's § 2254 petition is dismissed with prejudice as time barred and, in the alternative, on the merits for failure to raise a constitutional violation. Further, the Court finds that Sauceda is not entitled to a certificate of appealability. Petitioner is advised that he may request the issuance of a certificate of appealability from a circuit court of appeals judge. See Fed. R. App. P. 22(b).

SIGNED this 8th day of December, 2008.

                                                Janis Graham Jack
                                                United States District Judge